IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth D. Sipple,   )<br>                              )<br>              Plaintiff,   )<br>                              )<br>   vs.                        )<br>                              )<br> Carolyn W. Colvin, Acting Commissioner )<br> of Social Security,           )<br>                              )<br>              Defendant.    )<br> _____) | C/A No. 8:15-1961-MBS<br><br><br><br>**O R D E R** |

Plaintiff Kenneth D. Sipple filed the within action on May 8, 2015, seeking judicial review of a final decision of Defendant Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Jacqueline D. Austin for pretrial handling. On July 29, 2016, the Magistrate Judge issued a Report and Recommendation in which she determined that the administrative law judge (ALJ) merely adopted the limitations of the state agency examiner without explaining how a limitation to simple work accommodates Plaintiff's mental limitations, as required by <u>Mascio v. Colvin</u>, 780 F.3d 632 (4th Cir. 2015). The Magistrate Judge further observed that the ALJ may not have considered all evidence of record in assessing Plaintiff's residual functioning capacity, and that the ALJ did not provide an explanation of his consideration of the listings at issue. Accordingly, the Magistrate Judge recommended that the case be remanded for further administrative proceedings. Plaintiff filed no objections to the Report and Recommendation. On August 1, 2016, the Commissioner filed a Notice of Not Filing Objections to the Report and Recommendation of the Magistrate Judge.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference. The case is **reversed** pursuant to sentence four of 42 U.S.C. § 405(g) and **remanded** to the Commissioner for further consideration as set forth herein and in the Report and Recommendation.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

August 17, 2016